## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

DUPUY & WIFE V. EASTERN BUILDING & LOAN ASSOCIATION
AND ANOTHER.

July 30, 1896.

Absent, Harrison, J.

1. BUILDING FUND ASSOCIATION—*Fines—Waiver by By-Laws.*—If the charter of a Building Fund Association confers upon the Association, by way of privilege and not as a duty, the power to impose certain fines on delinquent stockholders, the Association may enact by-laws diminishing the fines, and will be regarded as having waived to this extent the power conferred by the charter, and the courts will enforce only the lesser penalty.

2. BUILDING FUND ASSOCIATIONS—*Fines—Case at Bar—Construction of By-Law.*—Under a by-law which provides that " borrowing members who shall neglect to pay any instalments as the same become due, shall pay to the Association a fine˸of twenty cents per month on each $100 that they have borrowed from the Association," the fine for the first and *each succeeding month* of default is limited to twenty cents on the $100 borrowed.

Appeal from a decree of the Corporation Court of the city of Roanoke, pronounced March 11, 1893, in a suit in chancery, wherein the appellants were the complainants, and the appellees were the defendants.

*Reversed.*

*Scott & Staples,* for the appellants.

*Watts, Robertson & Robertson,* for the appellees.

KEITH, P., delivered the opinion of the court.

William P. Dupuy and Nelia B. Dupuy, his wife, exhibited their bill in the Hustings Court for the city of Roanoke,

from which it appears that on the 1st day of August, 1891, they borrowed from the Eastern Building and Loan Association of Syracuse, New York, the sum of $5,500, and that they by deed of trust conveyed to Henry H. Loomis, trustee, a certain house and lot, situated in the city of Roanoke, to secure the payment of $6,671.61. This last mentioned sum is evidenced by seventy-eight promissory notes of even date with the deed, executed by the plaintiffs and payable to the Eastern Building and Loan Association, one of each notes to be paid on or before the last Saturday of each and every month until all of said notes are fully paid, with interest on each at the rate of six *per cent. per annum*, payable semi-annually; and it is further covenanted in the deed to pay all fines and penalties that may be imposed under the constitution and by-laws of the Association.

It seems that the plaintiffs paid all of their notes and dues up to the last Saturday in June, 1892, but they failed to meet the note maturing on that day, and the eight succeeding notes, of $87.12, amounting to the sum of $696.96. Fines are also due from the plaintiffs for default in paying the notes when they became due, which the plaintiffs claimed increased the amount due by them to the sum of $797.15. They then aver that one J. H. Cutchin, who claims to be substituted trustee in the place of Henry H. Loomis, advertised that he would on the 5th of February, 1893, proceed to sell, at public auction, the property conveyed in the deed of trust for the payment of the sum of $1,092.96, which he claims to be due. It thus appears that the contention of the plaintiffs is that on the 1st day of February, 1893, they were in arrears upon their notes due and unpaid, and the interest thereon, and for the fines imposed for their default in meeting the aforesaid payments, the sum of $797.15; while the Building Association claims that there was due from them at that time the sum of $1,092.96. The Building and Loan Association and Cutchin, trustee, are made parties defendant

to this bill, and an injunction was asked for and granted. The bill was answered by Cutchin, and the case was heard upon the bill and answer, and the exhibits filed with them.

It is provided by the constitution of the Eastern Building and Loan Association that the fine " for the non-payment of dues shall be ten cents on each and every share of stock unpledged, and twenty cents on all stock pledged for each and every month the payment may be in arrears." The by-law upon the subject is as follows: " Borrowing members who shall neglect to pay any instalments on stock and interest on their loan as the same become due shall pay to the Association a fine of twenty cents per month on each $100 they may have borrowed from the Association."

The contention of the Association is that by a proper construction of the charter and by-laws the fine of twenty cents per month is to be imposed upon each and every share of the stock pledged, and that this fine is to be repeated for each and every month that the delinquency of the borrower continues, *i. e.*, if the default should be made in the payment of the January instalment a fine of twenty cents per share should be imposed, amounting in this case, upon the $5,500, to $11.00; that, if default continued during the month of February, a fine of twenty cents per share, or $11.00 in the aggregate, should be imposed for this new default, and another fine of equal amount for the continued default which had occurred in January, making $22.00; that in March there should be a fine for the default of that month, and a fine also for the continued default in the January and February instalments, making in the aggregate $33.00; and so on for as many months as the default might continue. From a table which is printed with the petition for the appeal in this case, and the correctness of which is unchallenged, it appears that according to this system, the total fines for the first year would amount to $858.00; for the second year, to $2,442.00; the third year, to $4,038.00; and the fourth year,

to $5,610.00—so that the default having occurred in June, 1892, there would be due in June of the present year about $12,000 of fines, and if default should continue to the maturity of the last note, the aggregate of fines would be $33,905.00.

Upon the part of the appellant it is contended that by a proper construction of the constitution and by-laws, the failure to meet a monthly payment is a complete offence in itself, for which a punishment is prescribed, which cannot be repeated in arithmetical progression in the manner contended for by the Association. To state the claim of the appellants in figures, it is, that upon default in the monthly payment they were properly chargeable with twenty cents for each $100 that they had borrowed from the Association, making in all $11.00, and that this $11.00 was to be repeated each and every month that the default continued; in other words, that the maximum of fines whith could be imposed against them was $132.00 *per annum*, or for the four years of their default, from June, 1892, to June, 1895, $528.00.

In Endlich on Building Associations (2d Ed.), section 419, it is said: "It is necessary that every member should be aware, in advance, of the consequences of any action or omission in violation of the rules of the society. These rules or by-laws should, therefore, be explicit and unequivocal upon the subject. The rules imposing fines should be very precise in their terms, and clear in their meaning, as the courts do not like penalties of any kind, and generally decide against them, if possible. * * * * * * * * * They must be created by unambiguous language. If the by-law imposing them, by reason of ambiguousness, admit of several interpretations, the courts will adopt that most favorable to the member, and least favorable to the Association."

Where the rule was that " mortgagors neglecting to pay their monthly repayments will be subject to fines at the rate of *three per cent.* per share for the first month, and for each

and every succeeding month threepence per share additional on such repayments," the Association was allowed to collect only one fine of threepence on each share of the defaulting member, though this was less than the member himself had contended for. The society claimed threepence per share for the first month, sixpence for the second, ninepence the third, and so on, adding threepence for each month, but the court said "the rule admits of three constructions, the one contended for by the society, the other suggested in the argument for the borrower, and the third more favorable to him, which is the right construction, and that is, that the society is only to be allowed one fine of threepence on each share." *In re Tierney*, 8 Ir. Law T. Rep. 29.

So too, under a by-law providing that "if any stockholder shall neglect or refuse to pay his weekly dues as often as the same shall be payable, every stockholder so neglecting or refusing shall forfeit and pay the additional sum of ten cents for every share by him held for every such weekly neglect or refusal, to be charged with the weekly dues," it was held that only one fine could be imposed for the non-payment of the weekly instalment. *Shannon* v. *The Howard Mutual Building Assn. of the City of Baltimore*, 36 Md. 383.

We have been unable to examine these cases, but they are quoted fully in Endlich on Building Association, sections 420-21.

In the cases just referred to, the language upon which the associations relied for the imposition of the cumulative fines was as strong in support of their position as that which we are called upon to construe in this case. Indeed, the language in *In re Tierney*, is in substance the equivalent to that before us. In that case the rule was that "mortgagors neglecting to pay their monthly repayments will be subject to fines at the rate of 3 *per cent.* per share for the first month, and for each and every succeeding share threepence per share additional on such repayments."

In this case the language is: "The fines for non-payment of dues shall be ten cents on each and every share of stock unpledged, and twenty cents on all stock pledged for each and every month the payment may be in arrears."

That the construction contended for by the appellee would be most harsh and oppressive cannot be denied. It would, indeed, justify the terms in which it is characterized in the petition of the appellant, and compel us to sanction a " start-- ling enormity." To support a construction leading to such a result, the language should be explicit and unequivocal; should be precise in its terms, and clear in its meaning. Endlich, sec. 419.

We are of opinion that relying upon the authorities just cited we might be warranted in holding that the proper construction of the article from the constitution above quoted limits the power of the society to the imposition of one fine for each offence, and does not sanction its repetition.

The construction of the by-law is more free from doubt than that of the constitution, and upon that we prefer to rest our decision. " Borrowing members who shall neglect to pay any instalments as the same become due, shall pay to the Association a fine of twenty cents per month on each $100 that they have borrowed from the Association." The amount borrowed in this case was $5,500. A fine of twenty cents on each $100 amounts, in the aggregate, to $11.00, and the payment of a fine of $11.00 per month would, therefore, seem to satisfy the terms of the by-law above quoted. The articles of the Association prescribe the limits within which the corporation can properly act; the by-laws indicate the extent to which the corporation has seen fit to put into action the powers which the articles have conferred, and though the charter or articles in conferring the power may use imperative or mandatory language, yet, if it be a benefit, a privilege or advantage conferred upon the corporation, and not a duty imposed, it may qualify, diminish, or waive its

exercise in whole, or in part. It is binding upon the Association in the sense that the by-laws may ordain fines of less, but may not ordain fines of greater amount than those prescribed by its charter. End. on Build. Ass., sec. 422. If, therefore, there were any repugnancy between the charter and the by-laws, if the charter imposed a greater fine than the by-law, the courts would consider that, in the adoption of the by-law, the corporation had found it wise and expedient to forego the exercise of a portion of the power conferred upon it by the charter, and deem it a waiver to that extent of its privilege, and would enforce the fine imposed by the by-law.

We are of opinion that the appellants could be fined only twenty cents on each $100 of money for each month that they were in default, and that the decree of the court, which established the contention of the appellee, and permitted the imposition of fines of twenty cents per month for each $100 borrowed, and also for each instalment as to which appellants were in arrear, is erroneous, and must be reversed.

*Reversed.*